```
                   United States District Court
                     District of Massachusetts
_____
                               )
STEVEN A. SWAN,                )
        Plaintiff,             )
                               )
        v.                     )    Civil Action No.
                               )    06-40169-NMG
UNITED STATES OF AMERICA,      )
        Defendant.             )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Pro se plaintiff Steven Swan ("Swan") has sued the United States under the Federal Tort Claims Act ("FTCA") for negligence in connection with the alleged failure of prison officials to provide him with adequate dental care. Before the Court are various motions filed by both parties.

### I.   Background

#### A.   Factual Background

Swan was incarcerated at the Federal Medical Center Devens in Ayer, Massachusetts ("FMC Devens") from August 4, 2004 until May, 2009. Subject to protocol, he was examined by a dental hygienist shortly after he arrived. She informed him that he had periodontal disease and he allegedly responded that, prior to his incarceration, his dentist had controlled that condition through regular care.

Despite his periodontal disease, Swan did not receive, nor

-1-

did he request, a dental cleaning for almost one year following his arrival at FMC Devens.  On June 29, 2005, however, he submitted his first request for a cleaning and examination.  Shortly thereafter he received a response that his name had been added to the list of inmates to be scheduled for a cleaning.

In the late summer and fall of 2005 Swan began experiencing pain and discomfort in several of his teeth and submitted requests to the prison dental department to have them treated.  Those requests resulted in the extraction of two teeth, the first on September 22 and the second on November 23, 2005.  Despite those extractions and the dentist's observation that many of Swan's teeth were displaying signs of decay, his teeth were not cleaned at that time.  He asserts that the dentist informed him that it was prison policy to treat dental emergencies only and that it would probably be a long time before he received a routine cleaning.

On December 15, 2005, Swan submitted to the warden of FMC Devens a request for dental fillings, a cleaning and an examination.  The prison response on January 6, 2006 stated:

> FMC Devens Dental Clinic is required to respond to dental emergencies and dental exams on new admissions.  However, non-emergency dental treatment is "elective" and can be rendered based on the availability of staff, time and materials.

The response went on to explain that the subject policy could be relaxed if the number of emergency and new admission procedures

decreased or if the dental staff was expanded.

Two months earlier, on October 13, 2005, Swan also filed a tort claim with the Regional Counsel of the Bureau of Prisons ("BOP"). That claim was denied in April, 2006, upon a determination that Swan's pre-existing dental health, and not the prison's negligence, was the cause of the decay that precipitated the September, 2005 extraction. Swan disputes the claim that his teeth were in a state of decay at the time he arrived at FMC Devens because he had received regular dental care before being incarcerated.

Throughout 2006 Swan continued to receive emergency dental care as needed. He did not have his teeth cleaned, however, until December 21, 2006, almost 18 months after his initial request for a cleaning and more than two years after his arrival at FMC Devens. Swan also alleges that during that examination, Dr. Maurazon, a new dentist at the prison facility, remarked that previous fillings and crowns administered by BOP dentists were improper and "shoddy". As a result of that revelation, Swan submitted a request in February, 2007 to have the earlier dental work fixed and two months later a request for an administrative remedy. In response, the Warden stated that Swan was scheduled to receive dental treatment again but that no evidence was discovered to substantiate the claim that his BOP dental work was "shoddy".

From the summer of 2007 through 2009, Swan continued to submit additional requests for emergency dental care and for cleanings. Fillings were done in August and November, 2007 and again in February and June, 2008. In January and June, 2008, two more of Swan's teeth that had been causing him pain were extracted. On June 19, 2008, Swan received a dental examination and cleaning, his first since December, 2006. In March, 2009, he received another cleaning as well as a temporary filling when the hygienist happened to have some free time while he was in the waiting room. On May 28, 2009, Swan was transferred from FMC Devens to a residential reentry center in Portland, Maine ("the Portland RRC") to complete his sentence.

Swan's substantive complaint is that the delays in providing him with cleaning and other routine dental care amounts to negligence and resulted in the further decay of his teeth. He seeks damages and an order requiring the BOP to provide him with regular dental care for the remainder of his incarceration.

**B.  Procedural History**

Swan filed his initial complaint on August 15, 2006. On July 19, 2007, he moved for leave to supplement that complaint with allegations of subsequent occurrences. This Court allowed that motion on August 16, 2007 and issued rulings on a number of Swan's other pending motions. On March 17, 2009, this Court issued a memorandum and order in which it 1) denied the

government's motion to dismiss, 2) allowed plaintiff's motion for leave to file a second supplement to his complaint, 3) ordered the government to respond to Swan's two supplemental pleadings and 4) issued a scheduling order.

Since that ruling, the parties have submitted numerous additional motions. In April and May, 2009, Swan filed 1) three motions to compel the government to comply with this Court's March, 2009 scheduling order, 2) a motion "for leave to depose potential trial witnesses at government expense" and 3) a motion "for assistance in procuring, at government expense, an expert witness to provide testimony". On July 31, 2009, Magistrate Judge Hillman denied the three motions to compel by endorsement and issued a brief ruling denying the other two.

In the meantime, on July 24, 2009, Swan filed 1) a motion for leave to file a third supplement to his complaint, 2) a motion to subpoena dental records from the Portland RRC and 3) a motion to compel the government to answer his interrogatories allegedly submitted three months earlier. On August 14, 2009, Swan filed another motion to compel and ten days later a motion "for subpoena of witness affidavit for use in dispositive motion". Two months later, in October, 2009, Swan filed two additional, identically-captioned motions. The government has not responded to any of Swan's seven pending motions despite the fact that they have been pending for between five and eight

months.  On November 6, 2009, however, after two motions for an extension of time, the government filed a motion for summary judgment which Swan opposed on November 30, 2009.

**II.  Analysis**

    **A.   The Government's Motion for Summary Judgment**

        **1.   Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."  Mesnick v. General Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant or unnecessary will not be counted."  Id.  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party."  Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts

showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### 2. Application

In lieu of responding to Swan's various motions, the government moves for summary judgment which, if granted, would render all of Swan's motions moot. The government begins with the contention that there is no genuine issue of material fact. After laying out the allegedly undisputed facts, the government's motion details the BOP's policy on dental care. The government reiterates, for example, that emergency dental care is of the highest priority, that non-emergency care is based upon available resources and that policy-related judgments guide decisions.

The government then turns to the substantive law of negligence. In essence, the government's position appears to be that 1) the BOP's dental policy meets the requisite standard of care, 2) Swan's dental care was in accordance with the BOP policy and, therefore, 3) the BOP was not negligent in treating him. To

get there, however, the government's argument is both cursory and often unsubstantiated.  First, it contends that 18 U.S.C. § 4042 provides the appropriate standard of care and directs the BOP to "provide for the safekeeping, care, and subsistence of all [prisoners]".  See United States v. Muniz, 374 U.S. 150, 164-65 (1963).  Despite such broad language, the government then summarily asserts that the BOP dental policy meets that standard because 1) regulations are generally helpful in establishing the standard of care and 2) compliance with BOP regulations is all that is required of a dentist acting in similar, resource-constrained circumstances.  Finally, the government concludes that Swan has not cited any evidence that his care departed from BOP regulations and thus the BOP was not negligent as a matter of law.

Swan's opposition is perfunctory.  First, he clarifies that his complaint alleges negligence in not providing regular cleanings or regular examinations that would have revealed problems sooner.  Second, he states that the BOP breached its statutory duty to provide for his care because it failed to provide adequate dental care.  Finally, in response to the government's argument that it was not negligent because it followed BOP policy, Swan points to an inmate handbook stating that his right to dental care included "preventative services", which he did not receive.

The Court will deny the government's motion because it has failed to establish that there is no genuine issue of material fact.  First, absent exceptional circumstances in which negligence is sufficiently obvious to lie within common knowledge, the appropriate standard of care is to be testified to by experts.  E.g., Palandjian v. Foster, 842 N.E.2d 916, 922 (Mass. 2006); Haggerty v. McCarthy, 181 N.E.2d 562, 565 (Mass. 1962).  Neither party has submitted such testimony and the standard provided by 18 U.S.C. § 4042 is extremely general.  Moreover, Swan has filed several motions concerning expert testimony which are discussed below.  Thus, although it is the plaintiff's burden to establish negligence, including the proper standard of care, entry of summary judgment at this stage would be premature in light of those pending motions.

Second, breach of the duty of care and negligence are typically questions of fact.  E.g., Roderick v. Brandy Hill Co., 631 N.E.2d 559, 560 (Mass. App. Ct. 1994) ("Ordinarily, summary judgment is not an appropriate means to resolve negligence cases . . . .").  Here, the government asserts, with no supporting authority, what is the standard of care (i.e., the BOP's policy) and that it has been met.  That is not enough to support summary judgment in light of Swan's opposition and the factual disputes about the appropriate standard and BOP's compliance therewith.  First, Swan disputes the government's assertion that the BOP

provided for his care, as 18 U.S.C. § 4042 requires.

Moreover, even assuming that BOP dental policy sets out the appropriate standard of care, Swan's filings can be construed to allege several disputed facts, including, <u>inter</u> <u>alia</u>, claims that 1) BOP policy provided him with a right to preventative care which he did not receive, 2) prophylaxis and hygiene appointments are limited to once a year for <u>healthy</u> patients but inmates with special needs, which Swan alleges he has, are to be evaluated case-by-case and 3) previously initiated periodontic therapy, which Swan had undergone, is to be maintained or completed according to professional judgment and available resources. Swan further disputes that proper judgment was exercised in denying him continued treatment.

Finally, the only evidence on this issue currently before the Court are affidavits submitted by Swan's treating dentists. Those statements do not address the negligence claims except one sentence in Darcel Britt-Still's affidavit stating that Swan's care met or exceeded BOP's dental policy between June, 2008 and his release. That particular statement does not even address the entire period of alleged negligence and therefore is an insufficient disclaimer at this stage. Accordingly, the Court will deny the government's motion for summary judgment.

There is, however, an alternative ground for dismissal which could be considered: the discretionary function exception to

jurisdiction under the FTCA, 28 U.S.C. § 2680(a).  Because 1) the government has not raised that argument and 2) a ruling on that ground sua sponte would deprive Swan of an opportunity to respond to it, the Court declines to address it now.  Nonetheless, the government may submit a supplemental memorandum on that issue, not to exceed five pages, to which Swan may file a timely response.

### B. Swan's Pending Motions

Because the Court will deny summary judgment, it proceeds to consider Swan's unopposed motions.  They are addressed in turn.

#### 1. Motion for Leave to Supplement

Swan moves, pursuant to Fed. R. Civ. P. 15(d), for leave to supplement his pleading based upon facts that have occurred since his last supplement.  This motion will be allowed.

#### 2. Motions for Subpoena for Dental Records, to Compel Answers to Interrogatories and to Compel Defendant to Provide Witness Information

In these motions, Swan seeks:

1) a subpoena of dental records from his treatment at the Portland RRC;

2) the government's response to interrogatories submitted in April, 2009; and

3) contact information for all former or current dental employees at FMC Devens so that they can be subpoenaed as witnesses.

The government has not responded to any of these motions and their validity is, therefore, difficult to assess in the

-11-

abstract. In response to Swan's previous motions to compel, for example, the government corrected his allegations of non-compliance with this Court's scheduling order and opposed the motions as moot. Whether Swan is again misrepresenting the government's actions or whether the government has since responded to Swan's requests is unknown.

Swan is entitled to discovery in accordance with this Court's March, 2009 order and if the government has not complied with that order, his frustration is justifiable. Because each of the deadlines from that order has passed, however, the Court will proceed as follows. Swan's motions will be denied without prejudice but the parties are directed to report the status of discovery in this matter, especially with respect to Swan's requests, on or before April 15, 2010, and the parties are forewarned that failure to comply with this directive may subject them to sanctions.

### 3. Motions for Subpoena of Witness Affidavit for Use in Dispositive Motion

Swan asks the Court to compel sworn affidavits from the dentist at the Portland RRC (Docket No. 63) and three dentists from FMC Devens (Docket No. 67). He claims that he plans to use such affidavits as evidence in a dispositive motion and, although he requests "professional opinions", he essentially seeks expert opinions regarding his dental care.

Some background is necessary. In light of this Court's

March, 2009 scheduling order and recognizing that a negligence action almost always requires expert testimony, Swan filed a "motion for assistance in procuring at government expense an expert witness" on April 14, 2009. He explained that he was proceeding pro se and in forma pauperis and, therefore, needed assistance in finding and procuring an expert. Magistrate Judge Hillman denied the motion on July 31, 2009 holding that 1) 28 U.S.C. § 1915 "does not permit the court to order the payment of or waive fees for an expert witness" and 2) although the Court may appoint an expert pursuant to Fed. R. Evid. 706, this is a "routine medical malpractice case", not one involving complex or esoteric subjects requiring an expert's assistance.

    This history makes clear that Swan's current motions are an attempt to sidestep Magistrate Judge Hillman's ruling and to secure an expert or professional opinion with respect to his dental care. Although it is unclear whether Swan is entitled to a court-appointed expert, that issue was not resolved by Magistrate Judge Hillman when he denied Swan's motion without inviting briefing on Fed. R. Evid. 706. Rule 706 is not to be used for one side's benefit, e.g., Pedraza v. Jones, 71 F.3d 194, 197 n.5 (5th Cir. 1995), but circuits appear to be split on whether an expert can or should be appointed to an indigent plaintiff in medical malpractice cases and the decision lies within the district court's discretion. Furthermore, the

government's position is again unclear because it has not opposed the instant motions and only cursorily opposed Swan's May, 2009 motion.

In light of the foregoing and in the spirit of indulgence toward pro se litigants, the Court will deny Swan's motions without prejudice but allow Swan to renew his motion with a supporting memorandum, not to exceed five pages.  Swan is to explain, with citation to applicable authority, why court-ordered expert testimony should be allowed either pursuant to Fed. R. Evid. 706 or otherwise.  The government will be allowed to respond accordingly.  If Swan again fails to provide convincing authority, his inability to secure expert testimony regarding an essential element of his claim may be dispositive.

## ORDER

In accordance with the foregoing,

1) the government's motion for summary judgment (Docket No. 69) is **DENIED**;

2) plaintiff's motion for leave to supplement (Docket No. 58) is **ALLOWED**;

3) plaintiff's motions for subpoena for dental records (Docket No. 59), to compel answers to interrogatories (Docket No. 60), to compel defendant to provide witness information (Docket Nos. 62 & 66) and for subpoena of witness affidavit for use in dispositive motion (Docket Nos. 63 & 67) are **DENIED**, without prejudice; and

4) the parties are directed to report the status of discovery in this matter on or before April 15, 2010 and further discovery will proceed as follows:

      a)    any supplemental filings with respect to 1) the discretionary function exception to the FTCA and 2) the propriety of this Court's appointment of or assistance in procuring expert testimony will be submitted on or before April 30, 2010 and oppositions thereto will be filed on or before May 14, 2010;

      b)    remaining written discovery will be served on or before April 15, 2010, and answered on or before May 14, 2010;

      c)    all fact discovery will be completed on or before May 31, 2010;

      d)    plaintiff's experts, if any, will be designated (and Rule 26 information produced) on or before June 15, 2010, and defendant's experts, if any, will be designated (and Rule 26 information produced) on or before July 15, 2010;

      e)    dispositive motions on issues not previously considered by the Court will be filed on or before August 31, 2010 and oppositions will be filed on or before September 15, 2010.

**So ordered.**

                            /s/ Nathaniel M. Gorton
                            Nathaniel M. Gorton
                            United States District Judge

Dated March 25, 2010