United States District Court
District of Massachusetts

```
                              )
STEVEN A. SWAN,               )
         Plaintiff,           )
                              )
         v.                   )    Civil Action No.
                              )    06-40169-NMG
UNITED STATES OF AMERICA,     )
         Defendant.           )
                              )
```

### MEMORANDUM & ORDER

GORTON, J.

Pro se plaintiff Steven Swan ("Swan") has sued the United States under the Federal Tort Claims Act ("FTCA") for negligence in connection with the alleged failure of prison officials to provide him with adequate dental care.  Before the Court are 1) a motion to appoint an expert witness under Fed R. Evid. 706(b), or in the alternative, to issue subpoenas for affidavits from the dentists who treated Swan when he was incarcerated, 2) a motion from Swan to subpoena dental records from a residential recovery center in Portland, Maine ("the Portland RRC") where he completed his incarceration, 3) a motion by the government to compel Swan's deposition and 4) a renewed motion for summary judgment by the government.

### I.   Factual Background

The relevant facts are recounted in detail in this Court's March, 2010 Memorandum and Order ("M&O") but are briefly

-1-

summarized here.  Swan was incarcerated at the Federal Medical
Center Devens in Ayer, Massachusetts ("FMC Devens") from August
4, 2004 until May, 2009.  He suffers from periodontal disease
which he allegedly controlled through regular care prior to his
incarceration.  Despite receiving some emergency dental care to
treat his condition, Swan did not receive a routine tooth
cleaning until nearly 18 months after his first request for such
a cleaning and more than two years after his incarceration at FMC
Devens.

Swan makes various allegations including that, during an
examination, new dentist Dr. Morazan remarked that previous
fillings and crowns administered by BOP dentists were improper
and "shoddy".  Throughout his stay at FMC Devens, Swan continued
to file requests for care, had several teeth extracted and only
received a few cleanings.  On May 28, 2009, he was transferred
to the Portland RRC to complete his sentence.  Swan's primary
allegation is that the delays in providing him with a cleaning or
other routine dental care amounts to negligence and resulted in
the further decay of his teeth.

## II.  Procedural History

Swan filed his initial complaint on August 15, 2006 and has
supplemented it several times.  In October, 2008, the government
moved to dismiss the complaint and the Court denied the motion in
March, 2009.  One month later, Swan filed a "motion for

assistance in procuring at government expense an expert witness"
because he was proceeding in forma pauperis and thus could not
afford an expert witness.  Magistrate Judge Hillman denied that
motion, holding that the in forma pauperis statute does not
permit expenditure of federal funds for witnesses.

On March 25, 2010, this Court issued an M&O which 1) denied
the government's motion for summary judgment and 2) ruled on
several discovery motions from Swan.  Two such motions, Swan's
motion to have an expert witness appointed and his motion to
subpoena dental records, were denied but the Court granted him
leave to renew them.  He complied the following month, submitting
a motion to appoint an expert witness pursuant to Fed. R. Evid.
706 and/or to subpoena witness affidavits and another motion to
subpoena dental records.  The government opposed the former, but
not the latter.

Also currently pending are two motions by the government: 1)
a motion to compel Swan to appear for his deposition and to
enlarge time to complete fact discovery and 2) a renewed motion
for summary judgment.  Swan has opposed the latter motion and, in
doing so, discusses the former.

### III. Analysis

#### A.   Pending Motions

##### 1.   Swan's Motion to Appoint Expert Witnesses and/or Subpoena Witness Affidavits

Swan moves to have this Court appoint an expert witness under Fed. R. Evid. 706, or in the alternative, to have the Court subpoena affidavits from dentists who treated him in the past. With respect to the appointment of an expert, he argues that because he does not have the funds to pay for an expert witness, the Court should use its discretionary authority to appoint one to assist him as well as the Court "in reaching a just decision".

The government responds that Swan is trying to "sidestep" Magistrate Judge Hillman's previous ruling which denied his request to appoint an expert witness at taxpayers' expense under 28 U.S.C. § 1915. It argues that Fed. R. Evid. 706, just as § 1915, does not authorize public funds for expert witnesses appointed on behalf of indigent plaintiffs. Swan, the government infers, is merely trying to use an expert witness to prove a case that "he presumably [could] not convince one of the many [plaintiffs'] attorneys to pursue". In its renewed motion for summary judgment, the government adds that an expert witness should not be appointed under Fed. R. Evid. 706 because that rule is meant to apply only to esoteric situations and not to straightforward tort cases such as this one.

With respect to the requested subpoena of affidavits from

-4-

treating dentists, Swan seeks their professional opinions on the
relevant standard of dental care and whether it was violated in
his case.  Presumably, he believes that, as long as he has <u>an</u>
opinion on the standard of care, his case will not risk summary
dismissal and he might be able to file a dispositive motion.  The
government has not responded to that request.

### 2.  Swan's Motion for Subpoena

Swan moves the Court to issue a subpoena for his dental
records at the Portland RRC.  The government's discovery report
does not mention any records from the Portland RRC being produced
for Swan despite his previous request for them and the government
has not opposed Swan's latest request.

### 3.  The Governments' Motion to Compel a Deposition and to Enlarge Fact Discovery

The government moves, pursuant to Fed. R. Civ. P. 37, for an
order compelling Swan to appear for a deposition on a date now
past.  The government also seeks an extension of fact discovery
for 30 days following the completion of his deposition which Swan
has not directly opposed.

The government asserts that Swan was scheduled to appear for
a deposition on May 7, 2010 at the United States Attorney's
Office in Boston, Massachusetts.  On April 20, 2010, Swan sent a
letter to the government indicating that he would be unable to
appear because he has "no money, no income, no job to earn any
income, and no automobile".  Additionally, he noted that he needs

-5-

permission of his probation officer to leave the District of
Maine.  The government asserts that, despite its efforts, Swan
continues to refuse to reschedule a deposition in Boston.

**4.   Government's Renewed Motion for Summary Judgment**

The government moves for summary judgment on the grounds
that Swan can not prove his case without the testimony of an
expert witness.  In his opposition, Swan argues that the
government's motion is premature because the Court has not yet
ruled on his motion for appointment of an expert witness and asks
that, if his motion is denied, he be allowed a brief time to
consider the future of his case.

Swan's opposition also indicates that he is unfamiliar with
the possibility of hiring an attorney on a contingency fee basis
(rather than paying for time spent regardless of the outcome of
the case).  He states:

> I have never even contacted a personal injury/malpractice
> attorney (or any other attorney, for that matter) about
> taking on this case.  Because I have been doing my own
> legal work for quite a few years and because I have never
> had the money to hire an attorney to take on this case,
> the thought of me hiring one never crossed my mind.

**B.   Disposition**

Upon consideration of the several pending motions, the Court
proceeds as follows:

1. The government's motion to compel discovery and enlarge
fact discovery will be allowed, in part, and denied, in part.
Despite the fact that the probationary (or supervised release)

-6-

supervision of Swan has recently been transferred to the District of Maine, Swan will be required to appear for his deposition in Boston where he filed this suit.  With sufficient planning and notice, he will obtain the prerequisite permission to travel and, if he cannot afford the expense, the government will reimburse his travel expenses.  Accordingly, he will appear for his deposition at the United States Attorney's Office in Boston, Massachusetts at a mutually convenient time within 90 days of this order.

2. With respect to his request for the appointment of an expert, Swan's fundamental complaint, i.e., that his case has survived two dispositive motions and should not now fail simply because he cannot afford a required expert, is well taken.  The Court is mindful, moreover, that a) it has considerable discretion in deciding whether to appoint an expert pursuant Fed. R. Evid. 706 and in apportioning costs under that provision when one party is indigent, see, e.g., Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd., 326 F.3d 1333, 1349 (11th Cir. 2003); Leford v. Sullivan, 105 F.3d 354, 360-61 (7th Cir. 1997) (collecting cases), b) it is under no obligation to appoint an expert even where such testimony would be dispositive, see, e.g., Gaviria v. Reynolds, 476 F.3d 940, 945 (D.C. Cir. 2007), and c) courts considering the issue have reached differing conclusions, e.g., Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996)

-7-

(stating that one side's indigent status "could provide further reason to appoint an expert"); Anderson v. United States, 2009 WL 2215087 (S.D. W. Va. July 20, 2009) (denying appointment).

Notwithstanding its apparently wide discretion, however, this Court is confronted with the practical consideration of locating and appointing a dental expert pursuant to Fed. R. Evid. 706. Furthermore, Swan's opposition to the government's renewed motion for summary judgment implies that he has not previously attempted to retain counsel or seek representation on a contingency fee basis.

The Court finds it most prudent, therefore, to deny Swan's motion to appoint an expert and instead to urge him to seek counsel (which would reap benefits beyond the procurement of an expert, perhaps at government expense) over the 90-day period now allotted for the completion of his deposition. An attorney appearing on behalf of the plaintiff in this case would have procedures available to him/her that may allow for the appointment of such an expert without involving the Court in the process of retaining a particular expert.

3. The Court need not address Swan's alternative request to subpoena affidavits of the dentists who treated him while he was incarcerated at FMC Devens and the Portland RRC. The Court notes, however, two irreconcilable problems with Swan's request: a) it represents an exercise in futility because the dentists who

treated him will not (and cannot be forced to) testify that the dental care they provided (in quality or regularity) was anything less than what he was due and b) this Court cannot subpoena affidavits (as opposed to the appearance of witnesses to testify at depositions or at trial).

In that regard, Dr. Paula Hasson, who apparently is not employed by FMC Devens or the federal government, is the only realistic source of a neutral opinion.  The Court will, therefore, hold in abeyance the possibility of compelling the testimony of Dr. Hasson depending upon what transpires during the next 90 days.

4. Finally, Swan's motion to subpoena dental records at the Portland RRC will be allowed and the government's renewed motion for summary judgment will be denied without prejudice.

### ORDER

In accordance with the foregoing,

1)      the government's motion to compel discovery (Docket No. 85) is **ALLOWED,** in part, and **DENIED**, in part, and

   a)      Swan shall appear for his deposition in Boston, Massachusetts at a mutually convenient time on or before November 9, 2010 and, to the extent necessary, may petition the Court for reimbursement of his travel expenses;

   b)      fact discovery will remain open until 30 days following the completion of that deposition unless otherwise extended by this Court upon good cause shown;

2)      Swan's motion to appoint an expert witness and/or subpoena witness affidavits (Docket No. 80) is **DENIED**;

3)    Swan's motion to subpoena records (Docket No. 82) is
      **ALLOWED**; and

4)    the government's renewed motion for summary judgment
      (Docket No. 87) is **DENIED** without prejudice.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated August 9 , 2010